ALD-056                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3534
_____

IN RE: LUTHER L. WARE,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3-19-cv-00115)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 23, 2020
Before: MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: February 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

   Luther L. Ware seeks a writ of mandamus to compel the District Court to consider

and rule on his habeas petition under 28 U.S.C. § 2254, which raises several grounds for

relief regarding his 2015 Clearfield County criminal convictions.  For reasons that follow,

we will deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ware submitted his habeas petition in July 2019, along with a motion for leave to proceed in forma pauperis. In October 2019, Ware filed notice of his change of address and filed a motion for appointment of counsel. In January 2020, Ware sent a letter requesting prompt consideration of his habeas petition. In February 2020, the assigned Magistrate Judge granted Ware's in forma pauperis motion, denied his counsel motion without prejudice, directed service of the habeas petition, and ordered a response to be filed. In the months since then, the parties filed a number of motions, including Ware's motion for his immediate release. Ultimately, the request for immediate release was denied. More recently, the Respondent filed a motion for an extension of time to file an answer to Ware's habeas petition. On December 4, 2020, the Magistrate Judge granted the motion and set a deadline of January 25, 2021.

Ware then filed this mandamus petition, dated December 9, 2020, five days after the Magistrate Judge issued the scheduling order. Ware argues that he is entitled to relief on his habeas claims and that the District Court is required to set a hearing date in accordance with 28 U.S.C. § 2243. Thus, he requests our mandamus intervention for the District Court to hear and decide his habeas petition in a prompt fashion.

A writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). However, the way a court controls its docket is discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). A mandamus petitioner

2

must establish the absence of other adequate means to attain the desired relief and that the right to the writ is clear and indisputable.  See Madden, 102 F.3d at 79.

Although it appears that an initial delay occurred after Ware's habeas case was docketed, the case recently has been progressing in the District Court.  Ware filed his mandamus petition before the due date for the Respondent's answer, before his habeas petition became ripe for the District Court's consideration.  Ware may pursue his habeas claims in the normal course of District Court proceedings, and he has adequate means to attain consideration of his § 2254 habeas petition.  We find no reason to issue mandamus relief here.  See In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (explaining that employing the "drastic remedy" of mandamus is disfavored and seldom used).

Accordingly, we will deny Ware's mandamus petition.